JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Virginia Rosca appeals from the judgment of the Cleveland Municipal Court entered in favor of defendant Nicolae Constantinescu in plaintiff's action against him for damages in connection with the construction of a stairway. For the reasons set forth below, we affirm.
 {¶ 2} On October 17, 2002, plaintiff filed this action against defendant and alleged that she had paid the defendant $1,425 to build an outside stairway from the first floor to the third floor on an apartment that she owns, and that the structure which defendant built did not comply with the city's building and fire codes. Defendant denied liability and asserted that plaintiff was to obtain a permit for the work and failed to do so in a timely manner, and that he had performed other work at the premises.
 {¶ 3} The matter proceeded to a hearing before a magistrate. On December 9, 2002, the magistrate recommended judgment for defendant. Plaintiff filed objections. The trial court entered judgment for defendant, and plaintiff now appeals.
 {¶ 4} Plaintiff has raised the following "issues" for our review:
 {¶ 5} "The contractor is required by law to have a contractor's license, be bonded and insured, and to be registered with the State of Ohio and the City of Cleveland The contractor claimed that he has a contractor and that it was his responsibility to obtain the building permits."
 {¶ 6} "The Plaintiff was able to prove, under the preponderance of evidence standard, that she should have been awarded the full amount requested in the initial filing, and that the construction project was inadequate and could not pass the building inspections, and, as such, had to be torn down and rebuild to comply with the building code."
 {¶ 7} "The contract entered by both parties was contrary to public statutes, as well as to state and local laws and regulations, more specifically to the regulations that apply to the general contractors and to building, safety and health codes."
 {¶ 8} Plaintiff has filed the App.R. 9(A) record of the lower court proceedings with this court, including the pleadings, journal entries and judgment entries of the lower court. We have not been provided with a record of the evidence presented below, or other statement of the evidence presented pursuant to App.R. 9(C) or 9(D). In addition, plaintiff has not presented argument regarding these issues, and has not presented "reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," as required under App. R. 16(A)(7).
 {¶ 9} "In the absence of a record, the proceedings at trial are presumed correct." State v. Brown (1988),38 Ohio St.3d 305, 314, fn. 4, 528 N.E.2d 523. As the court stated in Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 15 Ohio Op.3d 218, 400 N.E.2d 384:
 {¶ 10} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."
 {¶ 11} Further, "if a transcript is `unavailable' an appellant has an obligation to provide a complete record pursuant to App.R. 9(C), (D) or (E)." State v. Nero (Feb. 21, 2002), Cuyahoga App. No. 79866, 2002-Ohio-656, quoting State v. Newell
(Dec. 6, 1990) Cuyahoga App. Nos. 56801 and 60128.
 {¶ 12} In this instance, plaintiff has not provided us with a transcript or an App.R. 9 statement of these proceedings, we must presume regularity and summarily reject the assignments of error.
 {¶ 13} Further, despite two warnings from this court, appellant has failed to submit a brief which meets the requirements of App.R. 16(A)(7) which provides that the appellant's brief must contain the following:
 {¶ 14} "An argument containing the contentions of the appellant with respect to each assignment of error presented for review * * *."
 {¶ 15} Pursuant to App.R. 12(A), "Errors not specifically pointed out in the record and separately argued by brief may be disregarded." Because plaintiff has failed to separately argue an assignment of error, they are rejected for that additional reason. Hawley v. Ritley (1988), 35 Ohio St.3d 157, 159,519 N.E.2d 390; N. Coast Cookies, Inc. v. Sweet Temptations, Inc.
(1984), 16 Ohio App.3d 342, 476 N.E.2d 388; Ringel v. Case W.Res. Univ., Cuyahoga App. No. 82109, 2003-Ohio-1967.
 {¶ 16} The judgment is affirmed.
Judgment affirmed.
Sweeney and Gallagher, JJ., concur.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.