DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a post decree judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, finding a party in contempt.
 {¶ 2} The underlying facts of this matter are more fully discussed in our prior decision on this case in Stacey v.Stacey (Apr. 6, 2000), 6th Dist. No. L-00-1079.
 {¶ 3} Appellee, Ethel R. Stacey, n/k/a Edgar, was granted a divorce from appellant, Donald G. Stacey, Sr., in 2000. In its final decree, the court ordered equal division of, inter alia, appellant's employer "401 [savings] account." The court issued a Qualified Domestic Relations Order to effect this division.
 {¶ 4} On March 13, 2003, appellee moved that appellant be found in contempt for absconding with the whole of the "401 account." At a hearing on the motion, appellee called appellant as on cross-examination and asked who his former employer was. Appellant responded, "Uh, I invoke my 5th Amendment Right that my answers may incriminate me."
 {¶ 5} The magistrate eventually ordered appellant to answer the question, which he did. Later, however, when asked if he had removed $71, 313.86 from his savings plan at his former employer's, appellant again invoked the Fifth Amendment.
 {¶ 6} After again being instructed by the magistrate to answer the question, appellant again refused. As a result, the magistrate then found appellant in direct contempt of court. Subsequently, the court issued an order confirming the magistrate's finding and sentencing appellant to 30 days incarceration, unless he came forth with the missing money. Appellant eventually served the full 30 day sentence which the court had imposed.
 {¶ 7} Appellant now appeals, asserting in two assignments of error that the trial court improperly found him in contempt for exercising his constitutional right not to incriminate himself.
 {¶ 8} Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated calendar and, hereby, render our decision.
 {¶ 9} Appellant has already completely served the sentence imposed and fails to come forth with any collateral disability the order of which he complains might engender. Consequently, on authority of Springfield v. Myers (1988), 43 Ohio App.3d 21,25-26, citing State v. Wilson (1975), 41 Ohio St.2d 235, syllabus, both of appellant's assignments of error are found moot.
 {¶ 10} This appeal is dismissed as moot at appellant's costs.
Appeal dismissed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., concur.