DECISION
{¶ 1} Defendant-appellant, Jeffrey A. Duff, appeals from a judgment of the Franklin County Municipal Court, which revoked his probation and imposed his previously suspended sentence.
 {¶ 2} On January 8, 2004 defendant pled guilty to one count of misdemeanor assault in the Franklin County Municipal Court. The court imposed a fine and a jail term of 180 days. The court suspended the fine in full and suspended 16 days for time served and 164 days on condition that defendant successfully complete a two-year term of reporting probation. The court ordered that defendant have no further acts of violence, complete a 26-week domestic violence counseling program, and have no further contact with his wife and her two children.
 {¶ 3} The probation department filed a statement of violations alleging that defendant violated the stay away order issued by the court. The matter was set for a probation revocation hearing on June 24, 2004. Defendant requested a continuance in order to secure witnesses. Plaintiff-appellee, City of Columbus, was present at the hearing on June 24, 2004, and ready to proceed. However, over plaintiff's objection, the court granted defendant's request for a continuance to a date "agreeable with both parties." (June 24, 2004 Tr., at 4.)
 {¶ 4} The probation revocation hearing was rescheduled for August 3, 2004, at 1:30 p.m. On August 3, 2004, defendant appeared before the court. The court began the proceedings prior to the scheduled time, and there is no evidence that plaintiff participated in the hearing. This conclusion is also evident from the fact that the probation revocation decision is file-stamped 12:43 p.m., 45 minutes prior to when the hearing was scheduled to occur. In this revocation decision, the court gave defendant credit for 60 days served in jail and continued defendant's probation.
 {¶ 5} When plaintiff learned that the court made its decision without plaintiff's participation, plaintiff immediately notified the court and asked it to reconsider its decision. On August 4, 2004, defendant appeared again before the court. The court stated:
* * * The case was set for 1:30. Everybody thought it was set for 1:30, and I acted a little hastily. * * * I felt that it was in the best interest of justice, the safety of the community, and certainly, perhaps the safety of a specific individual in the community, that we have an actual hearing on this matter so that I'm able to — to make a decision based on all the evidence from both sides — as to what would be the fair and appropriate resolution of this matter. * * *
(Aug. 4, 2004 Tr., at 4-5.)
 {¶ 6} In addition, the court also offered a continuance to the defendant if the defendant needed time to subpoena witnesses. The defendant rejected the court's offer and stated his desire to proceed with the hearing at that time.
 {¶ 7} At the conclusion of the hearing, the court found that defendant was uncontrovertibly in violation of the terms and conditions of his probation, and that defendant posed a "significant danger to his community and to the victims in this matter." Id. at 87. The court stated in its August 5, 2004 entry, "Defendant's probation is hereby revoked and the original sentence is ordered enforced. Defendant to serve 180 days with 77 days of credit. Defendant to serve 103 days forthwith." This appeal followed.
 {¶ 8} Defendant advances the following assignment of error;
The trial court erred in increasing the valid sentence journalized on August 3, 2004, after Appellant began serving his term of probation, thereby, violating the Fifth and Fourteenth Amendments to the United States Constitution and section 10, Article I of the Ohio Constitution.
 {¶ 9} At oral argument, both plaintiff and defendant's counsel stated on the record that defendant has served his entire sentence and has subsequently been released.
 {¶ 10} It is well settled in Ohio that "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." State of Wilson (1975), 41 Ohio St.2d 236, syllabus. In the present case, there is no dispute that defendant served his entire sentence. Additionally, defendant has not alleged that he will suffer some collateral disability or loss of civil rights from the judgment or conviction. Consequently, appellant's assignment of error is moot pursuant to Wilson. State v. Pennell (Mar. 26, 1981), Franklin App. No. 80 AP-775; Stacey v. Edgar, Lucas App. No. L-03-1325, 2004-Ohio-7078.
 {¶ 11} However, an appeal challenging a conviction is not moot even if the entire sentence has been served before the appeal is heard, because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." State v. Golston (1994), 71 Ohio St.3d 224, paragraph one of the syllabus.
 {¶ 12} The logic set forth in Golston, however, "`does not apply if appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction. If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction.'" State v.Howell, Stark App. No. 2001CA00346, 2004-Ohio-3947, at ¶ 18, citingState v. Beamon (Dec. 14, 2001), Lake App. No. 2000-L-160, 2001-Ohio-8712. If an individual has already served his sentence and is only questioning whether or not the sentence was correct, there is no remedy that can be applied that would have any effect in the absence of a reversal of the underlying conviction. State v. McCall, Mahoning App. No. 03 MA 82, 2004-Ohio-4026; State v. Hardwick, Cuyahoga App. No. 83604, 2004-Ohio-5857. At this juncture, whether or not appellant's argument has merit matters little, because this court can grant appellant no remedy. "Any appeal of a sentence already served is moot." State v.Wright, Cuyahoga App. No. 83781, 2004-Ohio-4077, at ¶ 18, citing Statev. Barcomb, Cuyahoga App. No. 80196, 2002-Ohio-4435. "Once a person has served the sentence imposed, in the absence of a challenge to the underlying conviction, there is neither a collateral disability nor a loss of civil rights that can be remedied by a modification of the length of that sentence." Id. at ¶ 19.
 {¶ 13} Since defendant served his entire sentence, and is not challenging his underlying conviction, defendant's assignment of error is moot.
 {¶ 14} Although a case may be moot, a court may hear the appeal where the issues raised are "capable of repetition, yet evading review." Stateex rel. v. Barnes (1988), 38 Ohio St.3d 165, 166, citing Southern PacificTerminal Co. v. ICC (1911), 219 U.S. 498, 515, 31 S.Ct. 279. However, "[t]his exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." State exrel. Calvary v. Upper Arlington (2000), 89 Ohio St.3d 229, 231. While the first factor may be present in this case, we find that the second factor is not. There is not a reasonable expectation that this defendant will be subject to the same action again.
 {¶ 15} For the foregoing reasons, having found defendant's assignment of error to be moot, we sua sponte dismiss the appeal.
Appeal dismissed.
Sadler and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.