OPINION
{¶ 1} Defendant-appellant Marc Bleehash appeals the November 9, 2005, decision of the Licking County Court of Common Pleas in Case No. 05 CR 240. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND LAW {¶ 2} On or about May 9, 2005, appellant was operating a motor vehicle on Interstate 70 when he was pulled over for speeding. The Ohio State Trooper who pulled the appellant over obtained appellant's operator's license, title for the vehicle and keys, and returned to his patrol car to verify appellant's information. Appellant then fled the scene, leading police officers on a high speed car chase that ended only when appellant crashed his vehicle. Appellant then fled on foot. The chase ended when an officer deployed his taser and took appellant into custody. A crack pipe with residue was found in appellant's car, and his urine tested positive for cocaine metabolite.
 {¶ 3} The appellant was indicted by the Licking County Court of Common Pleas in Case No. 05-CR-240, and charged with one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B)(C)(5)(a)(ii); one count of driving under suspension in violation of R.C. 4510.11(A); one count of possession of drug paraphernalia in violation of R.C.2925.14(C)(1); one count of operating a motor vehicle bearing an invalid license plate or identification mark in violation of R.C.4549.08(A)(1); and, driving while under the influence in violation of R.C. 4511.19(A)(1)(a). Appellant pled no contest to these charges on November 9, 2005, and was sentenced on the same day.
 {¶ 4} The appellant was also sentenced on November 9, 2005, in a second unrelated case, being Licking County Court of Common Pleas Case No. 05-CR-523. In Case No. 05-CR-523, appellant was pulled over for operating a motor vehicle without operable tail lights. The police officer determined that appellant had an outstanding warrant for his arrest, at which time the appellant was arrested. Appellant's vehicle was searched in connection with his arrest, and his vehicle impounded and its contents inventoried. During the inventory search, behind a CD player that was off-center and sticking out of the dashboard, the officer found crack cocaine, marijuana and drug paraphernalia in an unlocked box.
 {¶ 5} Appellant was charged with one count of possession of crack cocaine in violation of R.C. 2925.11 (A)(C)(4)(a), a felony of the fifth degree, one count of possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(a), a minor misdemeanor, and one count of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. Appellant's motion to the trial court to suppress the items obtained during the inventory search was denied. Appellant thereafter entered a plea of no contest to all three charges, and, as stated above, was sentenced.
 {¶ 6} The record does not reflect that these two cases were consolidated.
 {¶ 7} Appellant asserts the following assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS THE SEARCH OF HIS AUTOMOBILE"
 {¶ 9} Appellant, in his sole assignment of error, argues that the trial court in Licking County Court of Common Pleas Case No. 05-CR-523 erred when it overruled his motion to suppress the evidence obtained during the search of his automobile.
 {¶ 10} Rule 3(D) of the Ohio Rules of Appellate Procedure provides:
"Content of the notice of appeal
The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. The title of the case shall be the same as in the trial court with the designation of the appellant added, as appropriate. . . ."
 {¶ 11} Rule 9 of the Ohio Rules of Appellate Procedure provides:
"B) The transcript of proceedings; duty of appellant to order; notice to appellee if partial transcript is ordered
At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. . . ."
 {¶ 12} Finally, Rule 10(A) of the Ohio Rules of Appellate Procedure provides:
"Time for transmission; duty of appellant
. . . After filing the notice of appeal the appellant shall comply with the provisions of Rule 9(B) and shall take any other action necessary to enable the clerk to assemble and transmit the record. If more than one appeal is taken, each appellant shall comply with the provisions of Rule 9(B) and this subdivision, and a single record shall be transmitted when forty days have elapsed after the filing of the final notice of appeal"
 {¶ 13} In the case sub judice, the appellant has appealed Licking County Court of Common Pleas Case No. 05-CR-240. See appellant's November 21, 2005, notice of appeal. In addition, the judgment entry attached to the appellant's notice of appeal is the November 9, 2005, judgment entry in Case No. 05-CR-240. Id. Further, the docketing statement filed by the appellant references trial court Case No. 05-CR-240 as the case being appealed, and lists probable issues for review as drug paraphernalia, felony fleeing, DUS, DUI, and sentencing issues. The appellant's notice of appeal does not refer to Licking County Court of Common Pleas Case No. 05-CR-523, nor does his docketing statement reference the suppression issue. Finally, the record transmitted to this court is the record in Case No. 05-CR-240.
 {¶ 14} In short, the appellant has appealed the wrong case, and has otherwise failed to comply with the Ohio Rules of Appellate Procedure. Accordingly, his appeal is dismissed.
Edwards, J. Farmer, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the Defendant-Appellant's appeal is dismissed. Costs assessed to appellant.