[Cite as *State v. Bruce*, 2011-Ohio-2937.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96365

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LEO BRUCE

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-520298

**BEFORE:**   E. Gallagher, J., Boyle, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   June 16, 2011
**FOR APPELLANT**

Leo Bruce, pro se
Inmate #582-993
Lorain Correctional Institution
2075 S. Avon-Belden Road
Grafton, Ohio   44044


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
By:   Thorin O. Freeman
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


EILEEN A. GALLAGHER, J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶ 2} Defendant-appellant, Leo Bruce, appeals from the denial of his motion to correct judgment, filed December 9, 2010, in the Cuyahoga County Court of Common Pleas.  Appellant argues that the trial court should have granted his motion to correct judgment because the court erroneously included a three-year gun specification in his conviction.  For the following reasons, we affirm the judgment of the trial court.

**{¶ 3}** Appellant was indicted on February 13, 2009 and charged with aggravated robbery in violation of R.C. 2911.01(A)(1) (Count 1), robbery in violation of R.C. 2911.02(A)(2) (Count 2), and three counts of kidnapping in violation of R.C. 2905.01(A)(2) (Counts 3 through 5). Each count contained both one- and three-year firearm specifications pursuant to R.C. 2941.141(A) and R.C. 2941.145(A), respectively. Appellant initially pled not guilty to the indictment.

**{¶ 4}** The record reflects that on March 3, 2010, defendant retracted his former plea of not guilty and entered a plea of guilty to robbery in violation of 2911.02(A)(2) with both one- and three-year firearm specifications under R.C. 2941.141(A) and R.C. 2941.145(A) as charged in Count 2 of the indictment. Counts 1, 3, 4, and 5 were nolled. Appellant was sentenced on March 29, 2010 to a prison term of four years on the robbery charge and three years on the firearm specifications. (The one- and three-year firearm specifications merged for sentencing purposes.) Appellant's prison terms were to run consecutive to one another for an aggregate prison term of seven years.

**{¶ 5}** In his sole assignment of error, appellant argues that the trial court failed to remove the three-year firearm specification under R.C. 2941.145(A) and that he did not agree to plead guilty to this specification.

Additionally, appellant appears to imply that he pled guilty to R.C. 2911.02(A)(1) and that this statute is in some manner incompatible with a R.C. 2941.145(A) firearm specification.

{¶ 6} However, in filing the instant appeal, appellant has failed to file a transcript of either his plea or sentencing proceedings. "In the absence of a record, the proceedings at trial are presumed correct." *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523. As the Ohio Supreme Court stated in *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384:

{¶ 7} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶ 8} In the present instance, the appellant has not provided us with a transcript of his plea proceedings to demonstrate any error in the trial court's entry of conviction. The trial court's journal entries reflect that appellant pled guilty to Count 2, which included both one- and three-year

firearm specifications, and charged appellant with robbery in violation of R.C. 2911.02(A)(2), not 2911.02(A)(1). Accordingly, without any record to review, we must presume regularity in the proceedings of the trial court and summarily reject appellant's assignment of error. See *Rosca v. Constantinescu,* Cuyahoga App. No. 82493, 2004-Ohio-467.

**{¶ 9}** The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR