[Cite as *State v. Cartellone*, 2013-Ohio-3429.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99203

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN CARTELLONE

DEFENDANT-APPELLANT

## JUDGMENT:
## DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-413486

**BEFORE:**   E.A. Gallagher, J., Stewart, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   August 8, 2013

**FOR APPELLANT**

John Cartellone, pro se
11525 Dunham Road
Sagamore Hills, OH   44067


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Adam Chaloupka
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

{¶1} John Cartellone appeals from the denial of his motions for expungement in the Cuyahoga County Court of Common Pleas. For the following reasons, we dismiss this appeal.

{¶2} Appellant presents six assignments of error pertaining to the trial court's denial of his motion for expungement of a third-degree felony theft conviction. The record indicates that appellant filed his motion under case numbers CR-413486 and CR-401663. Although appellant asserts that he was indicted, pleaded guilty to and was convicted of one count of theft in case CR-413486, the record shows otherwise. The indictment in CR-413486 charged appellant with 19 counts of forgery. The record reflects that the state entered a nolle prosequi on the indictment in CR-413486 on November 30, 2001, and appellant was never convicted of any crime in that case. Nonetheless, appellant's notice of appeal lists only CR-413486, as does the affidavit of indigence that appellant filed, pro se.

{¶3} We acknowledge that appellant filed a motion to seal the record and captioned that single motion with both case numbers CR-413486 and CR-401663.

{¶4} The hearing conducted by the trial court addressed both case numbers as reflected by the transcript before us.

{¶5} To compound matters, the trial court's opinion and judgment entry denying

the motion for expungement and attached to the notice of appeal references only CR-413486 and states that "Cartellone pled guilty to one count of theft, a felony of the third degree * * *." That is not the fact of the matter in CR-413486. To reiterate, CR-413486 was nolled.

{¶6} The arguments presented by appellant all relate to alleged errors in the trial court's denial of his motion for expungement for a theft conviction. Unfortunately, appellant has failed to appeal from a case in which he was actually convicted of theft. In his arguments, appellant makes repeated references to sentencing entries that are not part of the record in CR-01-413486. Because appellant's assignments of error all pertain to an outstanding restitution obligation that appellant asserts was part of his sentence for a theft conviction and such sentence and case are not part of this appeal, we find that his failure to appeal the correct case precludes our review.

{¶7} Accordingly, without any record to review, we must presume regularity in the proceedings of the trial court and summarily reject appellant's assignments of error. *State v. Bruce*, 8th Dist. Cuyahoga No. 96365, 2011-Ohio-2937; *State v. Bleehash*, 5th Dist. Licking No. 05CA123, 2006-Ohio-4580 (dismissing appeal where appellant had appealed the wrong case).

{¶8} Accordingly, this appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, J., CONCURS;
MELODY J. STEWART, A.J., CONCURS IN
JUDGMENT ONLY, WITH SEPARATE
CONCURRING OPINION

MELODY J. STEWART, A.J., CONCURRING IN JUDGMENT ONLY:

{¶9} I agree that this appeal should be dismissed, but for different reasons than the majority.

{¶10} The appellant must designate in the notice of appeal the order being appealed. *Parks v. Baltimore & Ohio RR.*, 77 Ohio App.3d 426, 428, 602 N.E.2d 674 (8th Dist.1991), citing *Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257, 258-259, 436 N.E.2d 1034 (1982). An appellate court "is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal." *State v. Dixon*, 9th Dist. Summit No. 21463, 2004-Ohio-1593, ¶ 7.

{¶11} Cartellone lists only CR-413486 in the notice of appeal, so that is the only case that this court can consider on appeal. While it is true that the state dismissed CR-413486, Cartellone asked the court to seal the record in that case. That request was viable under R.C. 2953.52(A)(1) because the statute applies not only to convictions, but

to records in a case that has been dismissed against the defendant.

{¶12} Unfortunately, Cartellone presented no argument at the hearing in support of sealing the dismissed case, and he likewise did not do so on appeal — his arguments relate solely to a case other than that listed in his notice of appeal.