[Cite as *State v. Smith*, 2014-Ohio-4228.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                      :

                                               No. 14AP-247

v.                                                     :          (C.P.C. No. 03CR-3195)

General Smith,                                          :          (ACCELERATED CALENDAR)

      Defendant-Appellant.                     :

---

D E C I S I O N

Rendered on September 25, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*General Smith*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, General Smith, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for proper calculation of jail-time credit.

I. BACKGROUND[1]

{¶ 2} On December 5, 2003, appellant entered a guilty plea in case No. 03CR-3195 ("the 2003 case") to aggravated robbery with a firearm specification, and a nolle prosequi was entered on the three remaining indicted counts. On direct appeal, this court rejected appellant's challenge to the legitimacy of his guilty plea and affirmed appellant's

---

[1] Appellant has appeared before this court on numerous occasions, and this record presents a lengthy procedural history. For ease of discussion, we provide only an abbreviated case history as is relevant to the current appeal.

conviction as well as the ten-year sentence imposed thereon.  *State v. Smith*, 10th Dist. No. 04AP-326 (Feb. 24, 2005) (memorandum decision) ("*Smith I*").

{¶ 3}  In November 2007, consistent with a negotiated agreement between appellant and the state, appellant was permitted to withdraw his previously entered guilty plea to aggravated robbery with a firearm specification, and appellant instead pleaded guilty to aggravated robbery and attempted having a weapon while under disability. Thereafter, appellant was sentenced to an aggregate prison term consisting of nine years and six months.  On December 1, 2008, appellant was granted judicial release with a two-year period of community control.

{¶ 4}  A few months later on April 30, 2009, appellant was indicted and charged with four new criminal counts in case No. 09CR-2547 ("the 2009 case").  In the 2009 case, appellant pleaded guilty in January 2010 to attempted felonious assault and was sentenced to a four-year term of incarceration.  Also in January 2010, the trial court revoked appellant's community control in the 2003 case and sentenced him to an aggregate nine-year, six-month term of incarceration to be served consecutively to the sentence imposed in the 2009 case.

{¶ 5}  In our disposition of appellant's consolidated appeal, this court rejected all but one of appellant's eight assignments of error.  *State v. Smith*, 10th Dist. No. 10AP-143, 2010-Ohio-4744 ("*Smith II*").  In *Smith II*, this court sustained appellant's assignment of error challenging the trial court's calculation of jail-time credit and remanded the case to the trial court for it to review and recalculate, if necessary, the jail-time credit entitled in the 2003 case.  Since that time, appellant has filed numerous motions attacking both the convictions and sentences issued in both the 2003 case and the 2009 case; however, none have been successful.

{¶ 6}  On February 14, 2014, appellant filed in the 2003 case the "Motion for Proper Calculation of Jail Time Credit" that gives rise to the instant appeal.  In said motion, appellant asked the trial court to grant him 646 days of jail-time credit that he alleged was "mandated by the tenth district court of appeals" in *Smith II*.  (Feb. 14, 2014 Motion, 1.)  In its memorandum contra, the state argued that *Smith II* did not mandate any additional jail-time credit be awarded and that appellant had already received additional days of jail-time credit in the 2009 case pursuant to the nunc pro tunc entry

filed in that case on May 30, 2013.  By decision rendered on March 3, 2014, the trial court denied appellant's motion based on the May 2013 nunc pro tunc entry filed in the 2009 case.

## II.  ASSIGNMENTS OF ERROR

{¶ 7}   This appeal followed, and appellant brings two assignments of error for our review:

> [I.] The trial court committed plain error when it violated defendants 5th and fourteeth federal and state amendment due process of law and equal protection of the law, when it suspended the execution of a sentence that had been vacated one year earlier pursuant to 2929.20(H) which has caused a miscalcultion of jail time credit.

> [II.] The trial court committed plain error when it did not credit the 278 days jail credit to case #09-CR-2547 pursuant to 2967.191.

(Sic passim.)

## III.  DISCUSSION

{¶ 8}   For ease of discussion, we address appellant's assignments of error in the reverse.

### A.  Second Assignment of Error

{¶ 9}   As indicated previously, on May 30, 2013, the trial court filed a nunc pro tunc entry in the 2009 case.  In that entry, the trial court awarded appellant 160 days of jail-time credit, which is 159 days more than appellant was awarded at the time of his initial sentencing.  In his second assignment of error, appellant challenges the nunc pro tunc entry issued in the 2009 case and argues that the trial court should have awarded 278 days of jail-time credit and that the trial court's error in this respect constitutes plain error.  However, the judgment about which appellant complains, the May 30, 2013 entry issued in the 2009 case, is not before this court as this appeal concerns *only* the March 3, 2014 judgment issued in the 2003 case.  *See State v. Bleehash*, 5th Dist. No. 05CA123, 2006-Ohio-4580.

{¶ 10} Accordingly, we dismiss appellant's second assignment of error for lack of jurisdiction.

## B. First Assignment of Error

{¶ 11} In his first assignment of error, appellant argues the trial court erred in denying his motion for jail-time credit filed in the 2003 case. In that motion to the trial court, appellant sought an additional 646 days of jail-time credit. In his assignment of error, appellant suggests a miscalculation occurred when the court "suspended the execution of a sentence that had been vacated one year earlier pursuant to 2929.20(H)."[2] In the body of his argument under the first assignment of error, appellant asks that this court vacate in its entirety the January 2010 "revocation sentence" issued in the 2003 case. (Appellant's Brief, 3.) Appellant also states, "the renegotiated sentence of 9 years 6 months has never been suspended for judicial release," and "the court did not give him the proper jail time credit from the 2007 renegotiated sentence of 9 years 6 months after revocation." (Appellant's Brief, 4.) In conclusion, appellant asks that this court "grant [him] with all of his jail time credit in case number 03CR3195 so that his original out date of [M]ay 26th 2012 and that the consecutive sentence in #09CR 2547 imposed be vacated or that in case #09CR 2547 begin to run from May 26th 2012 with 278 days of jail time credit." (Appellant's Brief, 5.)

{¶ 12} Appellant is seemingly asking this court to vacate the January 2010 entry that revoked his community control, though appellant's reasoning and basis for the same is unclear and disjointed.[3] Additionally, the January 2010 entry that revoked appellant's community control was the subject of the appeal in *Smith II*. The court in *Smith II* found no error with respect to this judgment other than to remand both the 2003 case and the 2009 case for the trial court to "re-examine and recalculate, if necessary, the jail-time credit entitled in case No. 03CR-05-3195." *Id.* at ¶ 32.

{¶ 13} Because of the additional days of jail-time credit awarded by the trial court in the 2009 case, from which appellant did not appeal and which is not subject to review

---

[2] We fail to see the relevance of R.C. 2929.20(H) in this assignment of error, as said provision provides: "If the court grants a hearing on a motion for judicial release under this section, the eligible offender shall attend the hearing if ordered to do so by the court. Upon receipt of a copy of the journal entry containing the order, the head of the state correctional institution in which the eligible offender is incarcerated shall deliver the eligible offender to the sheriff of the county in which the hearing is to be held. The sheriff shall convey the eligible offender to and from the hearing."

[3] Appellant first states the trial court committed error when it suspended the execution of a vacated sentence, but appellant also asserts his sentence "has never been suspended." (Appellant's Brief, 5.)

in this case, and because the sentences in the 2003 case and the 2009 case are being served consecutively, the trial court concluded appellant is not entitled to any additional days of jail-time credit in the 2003 case. *See State v. Fugate*, 117 Ohio St.3d 261, 266, 2008-Ohio-856, ¶ 22 ("When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence.").

{¶ 14} With respect to this decision, specifically, the trial court's March 3, 2014 decision issued in the 2003 case that *is* the subject of this appeal, appellant has failed to demonstrate any error. Accordingly, we overrule appellant's first assignment of error.

## IV. CONCLUSION

{¶ 15} Having dismissed appellant's second assignment of error and overruled appellant's first assignment of error in its entirety, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

CONNOR and O'GRADY, JJ., concur.

_____