[Cite as *State v. Robinson*, 2015-Ohio-3217.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-028** |
| JAMES C. ROBINSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 03 CR 000117.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*James C. Robinson,* pro se, 14724 Shaw Avenue, East Cleveland, OH 44112 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, James C. Robinson, acting pro se, appeals the judgment of the Lake County Court of Common Pleas denying his motion to correct his prison sentence and his motion to terminate his five-year driver's license suspension. This is appellant's third appeal following his conviction of trafficking in cocaine. This time he argues his sentence violated his constitutional rights. For the reasons that follow, we affirm.

{¶2} Between November 2001 and January 2002, appellant trafficked in cocaine or aided and abetted another in trafficking in cocaine by making sales of this controlled substance to a confidential informant working with the Lake County Narcotics Agency.

{¶3} On March 3, 2003, appellant was indicted in a three-count indictment in which he was charged with trafficking in cocaine in an amount less than one gram in the vicinity of a school (Count 1); complicity to trafficking in cocaine in an amount more than one gram but less than five grams (Count 2); and trafficking in cocaine in an amount more than one gram but less than five grams (Count 3), each being a fourth-degree felony. The indictment recited that upon conviction of Count 2, there is a presumption in favor of a prison term. Appellant pled not guilty.

{¶4} On May 6, 2005, appellant pled guilty to Count 2, complicity to trafficking in cocaine, and the remaining counts were dismissed. With respect to the offense to which appellant pled guilty, on November 15, 2001, appellant, while acting with an accomplice, sold 1.18 grams of cocaine to an informant for $200. The court referred the matter to the probation department for a pre-sentence report, and sentencing was scheduled for June 2, 2005. However, appellant failed to appear for his sentencing. The trial court revoked his bond and ordered that a warrant be issued for his arrest. Subsequently, appellant failed to appear for a bond forfeiture hearing and his bond was forfeited. Appellant remained a fugitive for more than four years.

{¶5} After appellant was arrested on the bench warrant, the court held a sentencing hearing on November 12, 2009. Appellant's counsel asked that the court

impose a sentence of six months in prison. The prosecutor recommended a sentence of 12 months.

{¶6} The trial court noted that appellant had previously been convicted of carrying a concealed weapon and attempted possession of drugs in 1999, theft and burglary in a separate case later in 1999, and theft in 2001.

{¶7} The trial court sentenced appellant to 17 months in prison and suspended his driver's license for five years.

{¶8} On December 14, 2009, appellant filed a motion to withdraw his guilty plea. On the same day, he appealed his conviction, arguing that: (1) his counsel was ineffective because he allowed appellant to plead guilty, although his guilty plea was not voluntary; (2) the trial court erred in accepting appellant's guilty plea because it was not voluntarily entered; (3) the trial court abused its discretion in sentencing appellant to 17 months in prison and in suspending his driver's license; (4) his license suspension was not authorized by the applicable statute; and (5) the trial court erred by imposing court costs. The state argued appellant's challenge to the trial court's acceptance of his guilty plea was not ripe because his December 14, 2009 motion to withdraw his guilty plea was still pending in the trial court. Appellant agreed and withdrew his assignment of error challenging the trial court's acceptance of his guilty plea.

{¶9} On September 16, 2011, in *State v. Robinson*, 11th Dist. Lake No. 2009-L-168, 2011-Ohio-4695 ("*Robinson I*"), this court held that appellant's guilty plea was voluntarily entered, *id.* at ¶22; that his sentence of 17 months in prison was not contrary to law or an abuse of discretion, *id.* at ¶47, 49; and that the trial court did not err in suspending his driver's license as such suspension was authorized by statute, *id.* at

3

¶54. However, this court held the trial court erred in imposing court costs. *Id.* at ¶59. As a result, this court affirmed in part, reversed in part, and remanded the case to the trial court on the court costs issue.

{¶10} On remand, the trial court denied appellant's motion to withdraw his guilty plea and sua sponte waived his court costs. Appellant appealed for the second time, arguing that: (1) the trial court erred in accepting his guilty plea because it was not voluntary; (2) the trial court abused its discretion in not allowing him to withdraw his guilty plea; and (3) the statutes authorizing his driver's license suspension are unconstitutional.

{¶11} On December 10, 2012, in *State v. Robinson*, 11th Dist. Lake No. 2011-L-145, 2012-Ohio-5824 ("*Robinson II*"), this court held that appellant's challenge to the voluntary nature of his guilty plea was barred by res judicata because this court in *Robinson I* held that appellant's guilty plea was voluntary. *Id.* at ¶24. Further, this court held the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. *Id.* at ¶25. Finally, this court held that appellant's constitutional challenge to the statutes authorizing his driver's license suspension was barred by res judicata because he could have, but failed to raise it in *Robinson I. Id.* at ¶29.

{¶12} More than one year after this court released its opinion in *Robinson II*, on February 6, 2014, appellant filed in the trial court a "Motion Refiling Defendants Previous Motion to Correct an Illegally Improper Sentence/Violates Defendant Sixth Amendment Constituion Rights" (sic throughout) and a "Motion to Modify or Terminated Imposed Five Year Driver License Suspension" (sic throughout). The state filed a brief in opposition. The trial court denied both of appellant's motions. Appellant now appeals

4

for the third time, asserting three assignments of error.  Because they are interrelated, they are considered together.   They allege:

{¶13} "[1.] Does the trial court sentence violates appellant constitutional rights and abuse its authority when it refuse to correct an improper sentence which violates Appellant constitutionals righs and Ex Post Facto when appellant was sentenced to more than the minimum (sic throughout)

{¶14} "[2.] Does the trial court abuse their authority with reguards to General Assembly Ohio Revised Code and/or violates Appellant Eightth Amendmentant Constitutional rights when refusing to grant or restore driving licenses privileges in face of sentence that shockes the conscience of community (sic throughout).

{¶15} "[3.] Does trial court abuse there discretion and violated appellant's Eighth Amendment constitutional rights as guanrteed by united State Constitution and/or the collateral legal consequences associated with felony conviction when it refused to modify or terminate appellant's five year drivers license suspension." (Sic throughout.)

{¶16} In this appeal appellant challenges only his sentence.  He concedes that he has completed his prison term and that his five-year driver's license suspension has expired.  As a result, this appeal is moot.

{¶17} "'Any appeal of a sentence already served is moot.'" *Columbus v. Duff,* 10th Dist. Franklin No. 04AP-901, 2005-Ohio-2299, ¶12, quoting *State v. Wright*, 8th Dist. Cuyahoga No. 83781, 2004-Ohio-4077, ¶18. It is true that "an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." *State v. Golston*, 71 Ohio St.3d 224 (1994), syllabus. But this rule "does not apply if appellant is appealing solely on the issue of the length of his

5

sentence and not on the underlying conviction." *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001 Ohio App. LEXIS 5655, *4 (Dec. 14, 2001). "If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction. Therefore, appellant's assertion that the trial court erred in determining the length of that sentence is a moot issue because appellant has already served his sentence, and no relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue." *Id.*

**{¶18}** Where the sole assignment of error is moot, the appeal is properly dismissed. *Beamon, supra*, at ¶6. In any event, we address appellant's arguments.

**{¶19}** Collectively, appellant argues the trial court violated his constitutional rights by imposing a more than the minimum term of 17 months in prison and a five-year driver's license suspension.

**{¶20}** In *Robinson I*, appellant appealed his 17-month prison sentence and his five-year driver's license suspension. He argued the trial court erred by imposing more than the minimum sentence and by not making findings of fact pursuant to R.C. 2929.11, R.C. 2929.13, and R.C. 2929.14. He also argued the trial court was not authorized by R.C. 2925.03(G) to impose a five-year driver's license suspension. However, he did not argue the trial court violated his constitutional rights in imposing his sentence, as he does now. Because appellant could have asserted, but failed to assert, constitutional challenges to his prison term and his driver's license suspension in *Robinson I*, these arguments are now barred by res judicata.

6

{¶21} According to the well-established precedent of the Supreme Court of Ohio, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶16. The Supreme Court in *State v. Perry*, 10 Ohio St.2d 175 (1967), held: "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment." *Id.* at paragraph nine of the syllabus. Thus, the doctrine serves to preclude a defendant who has had his day in court from seeking a second opportunity to litigate that same issue. *Saxon, supra*, at ¶18. "In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Id.*

{¶22} The doctrine of res judicata applies to a claimed violation of constitutional rights that was or could have been asserted on direct appeal. *Perry, supra*; *Robinson II* at ¶29. Appellant now couches the same issues he raised in *Robinson I* in constitutional terms in an effort to revisit issues that have or *could have been decided* in that case. "[I]ssues that were decided on direct appeal and now recast in a constitutional argument are ideal examples of issues barred by the doctrine of res judicata. To the extent arguments could have been raised on direct appeal and are now cast in conclusions of constitutional effect, they are likewise barred by res judicata and have been waived by failing to raise them on direct appeal." *State v. Chaiffetz*, 3d Dist. Marion No. 9-99-23, 1999 Ohio App. LEXIS 4225, *6 (Sep. 15, 1999).

7

{¶23} In summary, because appellant could have raised, but failed to raise, each of his constitutional challenges to his sentence in *Robinson I* (his direct appeal), he is barred by res judicata from asserting them in this, his third appeal of his conviction. It is worth noting that in *Robinson II*, appellant actually raised the same Eighth Amendment challenge to his driver's license suspension that he asserts in the instant appeal. This court in *Robinson II* held that, because appellant could have raised that constitutional argument in *Robinson I*, but failed to do so, it was barred by res judicata. *Robinson II* at ¶29.

{¶24} Appellant argues that pursuant to R.C. 2929.14(B), the trial court was required to impose the minimum sentence. However, he fails to include the remainder of that subsection, which provides that the minimum sentence must be imposed *unless the court makes one or more of the findings necessary to impose a more than the minimum sentence*. He argues his sentence was unlawful because the trial court did not make the findings necessary in R.C. 2929.14(B) to support his more than the minimum sentence. However, he made the identical argument in *Robinson I*. In that case, this court stated:

{¶25} Appellant argues the trial court erred by * * * imposing [a] more than the minimum sentence [and] by not making findings of fact pursuant to * * * R.C. 2929.14 * * *.

{¶26} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio, * * * held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing

8

* * * more than the minimum sentences." *Id.*, paragraph seven of the syllabus. Further, contrary to appellant's argument, the court in *Foster* stated that its holding *applies to all cases pending on direct review*. *Id.* at 31. Therefore, *Foster* applies to the instant case. *Robinson I* at ¶39-40.

{¶27} As a result, appellant's argument that his more than the minimum sentence is illegal lacks merit because the trial court was not required to make findings in support and also because his argument is barred by res judicata.

{¶28} For the reasons stated in this opinion, appellant's assignments of error lack merit and are overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

9