[Cite as *State v. Smith*, 2016-Ohio-3191.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-1142 |
| | | (C.P.C. No. 03CR-3195) |
| v. | : | No. 15AP-1143 |
| | | (C.P.C. No. 09CR-2547) |
| General Smith, III, | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

# D E C I S I O N

## Rendered on May 26, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *General Smith, III*, pro se.

APPEALS from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, General Smith, III, appeals from a judgment of the Franklin County Court of Common Pleas denying his "motion to vacate void sentence and to issue revised journal entry." For the reasons that follow, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In *State v. Smith*, 10th Dist. No. 14AP-247, 2014-Ohio-4228, this court summarized the procedural history of appellant's convictions and sentence herein as follows:

> On December 5, 2003, appellant entered a guilty plea in case No. 03CR-3195 ("the 2003 case") to aggravated robbery with a firearm specification, and a nolle prosequi was entered on the three remaining indicted counts. On direct appeal, this

court rejected appellant's challenge to the legitimacy of his guilty plea and affirmed appellant's conviction as well as the ten-year sentence imposed thereon. *State v. Smith*, 10th Dist. No. 04AP-326 (Feb. 24, 2005) (memorandum decision) ("*Smith I*").

In November 2007, consistent with a negotiated agreement between appellant and the state, appellant was permitted to withdraw his previously entered guilty plea to aggravated robbery with a firearm specification, and appellant instead pleaded guilty to aggravated robbery and attempted having a weapon while under disability. Thereafter, appellant was sentenced to an aggregate prison term consisting of nine years and six months. On December 1, 2008, appellant was granted judicial release with a two-year period of community control.

A few months later on April 30, 2009, appellant was indicted and charged with four new criminal counts in case No. 09CR-2547 ("the 2009 case"). In the 2009 case, appellant pleaded guilty in January 2010 to attempted felonious assault and was sentenced to a four-year term of incarceration. Also in January 2010, the trial court revoked appellant's community control in the 2003 case and sentenced him to an aggregate nine-year, six-month term of incarceration to be served consecutively to the sentence imposed in the 2009 case.

In our disposition of appellant's consolidated appeal, this court rejected all but one of appellant's eight assignments of error. *State v. Smith*, 10th Dist. No. 10AP-143, 2010-Ohio-4744 ("*Smith II*"). In *Smith II*, this court sustained appellant's assignment of error challenging the trial court's calculation of jail-time credit and remanded the case to the trial court for it to review and recalculate, if necessary, the jail-time credit entitled in the 2003 case. Since that time, appellant has filed numerous motions attacking both the convictions and sentences issued in both the 2003 case and the 2009 case; however, none have been successful.

On February 14, 2014, appellant filed in the 2003 case the "Motion for Proper Calculation of Jail Time Credit." * * * By decision rendered on March 3, 2014, the trial court denied appellant's motion based on the May 2013 nunc pro tunc entry filed in the 2009 case.

*Id.* at ¶ 2-6.

{¶ 3} In *Smith*, this court affirmed the judgment of the trial court denying appellant's motion for proper calculation of jail-time credit. *Id.* at ¶ 32. On November 6, 2015, appellant filed his "motion to vacate void sentence and to issue revised journal entry." On December 10, 2015, the trial court determined that res judicata barred appellant's motion. Accordingly, the trial court denied the motion.

{¶ 4} Appellant timely appealed from the decision of the trial court and this appeal ensued.

## II.  ASSIGNMENTS OF ERROR

{¶ 5} Appellant sets forth the following two assignments of error:

> [1.] THE FRANKLIN COUNTY TRIAL COUR ERRED WHEN IT IMPOSED A VOID SENTENCE CONTRARY TO LAW UNDER OHIO REVISE CODE 2929.13(f)(6).
>
> [2.] THE TRIAL COURT COULD NOT REVOCATE APPELLANT FOR VIOLATION OF JUDICIAL RELEASE WHEN IT WAS IMPOSSIBILE FOR APPELLANT' TO GET JUDICIAL RELEASE FROM A MANDATORY 9 YEAR SENTENCE PURSUANT TO R.C 2929.139(F)(6) THIS REVOCATION WAS VOID PURSUANT TO R.C 2929.20.

(Sic passim.)

## III.  LEGAL ANALYSIS

### A.  First Assignment of Error

{¶ 6} In his first assignment of error, appellant argues that his sentence in case No. 03CR-3195 is void because the sentencing court failed to impose a mandatory sentence as required by R.C. 2929.13(F)(6). Appellant's motion does not challenge the conviction itself.[1]

{¶ 7} Appellee agues that appellant's first assignment of error is moot because appellant acknowledges that he has served his sentence in case No. 03CR-3195. We agree.

{¶ 8} " ' " 'A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it

---

[1] In *Smith v. Buchanan*, 138 Ohio St.3d 364, 2014-Ohio-459, the Supreme Court of Ohio "summarized" appellant's repeated, unsuccessful challenges to his convictions. *Smith v. Warden*, S.D.Ohio No. 2:14-cv-00554 (Aug. 14, 2015).

has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.' " ' " *State v. Marcum*, 10th Dist. No. 15AP-421, 2015-Ohio-5237, ¶ 6, quoting *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 11 (10th Dist.), quoting *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11, quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (7th Dist.1948). "Thus, a moot action must be dismissed because it no longer presents a justiciable controversy for the court to resolve." *Id.*

{¶ 9} "A person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her. Therefore, an appeal challenging a *felony conviction* is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." (Emphasis added.) *State v. Golston*, 71 Ohio St.3d 224 (1994), syllabus. "However, a defendant's appeal of a sentence already served is moot." *Marcum* at ¶ 7, citing *State v. Duff*, 10th Dist. No. 04AP-901, 2005-Ohio-2299, ¶ 12. *See also State v. Wright*, 8th Dist. No. 83781, 2004-Ohio-4077, ¶ 18. "Such an appeal is moot because 'there is no remedy that can be applied that would have any effect in the absence of a reversal of the underlying conviction.' " *Marcum* at ¶ 7, quoting *Duff* at ¶ 12. *See also State v. Robinson*, 11th Dist. No. 2014-L-028, 2015-Ohio-3217, ¶ 17; *State v. Beamon*, 11th Dist. No. 2000-L-160 (Dec. 14, 2001). "A sentence that has already been completed cannot be lessened or negated in any meaningful way." *Marcum* at ¶ 7.

{¶ 10} In his motion, appellant acknowledges that he has already served his sentence in case No. 03CR-3195. As noted above, appellant's motion does not challenge his conviction. As a result, appellant's argument that the sentencing court should have imposed a mandatory sentence in case No. 03CR-3195 is moot. *Marcum*; *Duff*. Accordingly, we hold that the trial court did not err when it denied appellant's motion to vacate the sentence imposed in case No. 03CR-3195, albeit for a different reason than the trial court.

{¶ 11} For the foregoing reasons, we overrule appellant's first assignment of error.

**B. Second Assignment of Error**

{¶ 12} Appellant's second assignment of error challenges his sentence in the 2009 case. Appellant argues that because his sentence in case No. 03CR-3195 is void, the

sentencing court erred by imposing a consecutive term of imprisonment in case No. 09CR-2547. Appellee argues that appellant failed to make this argument in the trial court and has waived the argument for purposes of appeal. We agree.

{¶ 13} In accordance with the well-settled doctrine of waiver, sentencing errors not brought to the attention of the trial court are waived for purposes of appeal. *State v. Silverman*, 10th Dist. No. 05AP-837, 2006-Ohio-3826, ¶ 139-41. Appellant's November 6, 2015 "motion to vacate void sentence and to issue revised journal entry" is a one-page document that makes no reference to case No. 09CR-2547. The two-page "memorandum in support of law" attached thereto makes no argument regarding the sentence in case No. 09CR-2547.

{¶ 14} Based on the foregoing, we find that appellant waived the argument raised in his second assignment of error by failing to raise the argument in the trial court. Accordingly, we overrule appellant's second assignment of error.

## IV. CONCLUSION

{¶ 15} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and LUPER SCHUSTER, J., concur.

_____