[Cite as *In re Z.B.*, 2011-Ohio-2936.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96304

# IN RE:   Z.B.

# (A Minor Child)

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Juvenile Court Division
Case No. SU 09713855

**BEFORE:**  E. Gallagher, J., Sweeney, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   June 16, 2011

**FOR APPELLANT**

Mother, T.B., pro se
25440 Chatworth Drive
Euclid, Ohio   44117


**ATTORNEY FOR APPELLEE**

Thomas Banks
1148 Plainfield Road
South Euclid, Ohio   44121

**ATTORNEY FOR C.S.E.A.**

Joseph C. Young
Assistant County Prosecutor
C.S.E.A.
1910 Carnegie Ave., 2nd Floor
Cleveland, Ohio   44115


EILEEN A. GALLAGHER, J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶ 2} T.B. appeals from the decision of the trial court, overruling her objections to the magistrate's opinion.  The appellant argues the magistrate

erred in overruling her objections and in failing to conduct a hearing. For the following reasons, we affirm the decision of the trial court.

{¶ 3} In putting forth this argument, appellant fails to cite to any legal authority for her claims, a failure that allows this court to disregard her arguments. App.R. 12(A)(2); App.R. 16(A)(7); *State v. Martin* (July 12, 1999), Warren App. No. CA99-01-003, citing *Meerhoff v. Huntington Mtge. Co.* (1995), 103 Ohio App.3d 164, 658 N.E.2d 1109; *Siemientkowski v. State Farm Ins.,* Cuyahoga App. No. 85323, 2005-Ohio-4295. "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone* (May 6, 1998), Summit App. Nos. 18349 and 18673.

{¶ 4} Moreover, in filing the instant appeal, appellant failed to file a transcript of proceedings. "In the absence of a record, the proceedings at trial are presumed correct." *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523. As the court stated in *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384:

{¶ 5} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from

the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶ 6} Further, "[i]f a transcript is 'unavailable' an appellant has an obligation to provide a complete record pursuant to App.R. 9(C), (D) or (E)." *State v. Nero*, Cuyahoga App. No. 79866, 2002-Ohio-656, quoting *State v. Newell* (Dec. 6, 1990), Cuyahoga App. Nos. 56801 and 60128.

{¶ 7} In this instance, the appellant has not provided us with a transcript or an App.R. 9 statement of these proceedings, we must therefore presume regularity and summarily reject her assignment of error. See *Rosca v. Constantinescu,* Cuyahoga App. No. 82493, 2004-Ohio-467.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
KENNETH A. ROCCO, J., CONCUR

APPENDIX

Assignment of Error:

I.   "The trial court abused its discretion in denying the appellant's motion to object magistrate's decision."