[Cite as *In re D.S.*, 2014-Ohio-3596.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101012**

# IN RE: D.S.
# A Minor Child

[Appeal by M.J., Mother]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR 13709823

BEFORE:   E.A. Gallagher, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   August 21, 2014

**ATTORNEY FOR APPELLANT**

George W. MacDonald
514 Glen Park Drive
Bay Village, Ohio 44140


**ATTORNEYS FOR APPELLEE**, **CJFS-OCSS**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Joseph C. Young
Assistant County Prosecutor
P.O. Box 93894
Cleveland, Ohio 44101

EILEEN A. GALLAGHER, P.J.:

{¶1} Mother M.J. appeals a child support order entered in the Cuyahoga County Court of Common Pleas. On appeal, M.J. argues that the magistrate incorrectly imputed income and assessed deductions not supported by the record. For the following reasons, we affirm.

{¶2} M.J. gave birth to D.S. on November 4, 2012. On July 9, 2013, the Cuyahoga Job and Family Services filed a complaint seeking to establish the parent-child relationship between D.S. and D.S., Sr., as well as an order for D.S., Sr. to pay child support. Genetic testing established, with 99.99 percent certainty, that D.S., Sr. was the father of D.S.

{¶3} The trial court held a hearing on this matter and issued a decision noting that D.S., Sr. admitted in open court that he was the father and thus finding the parent-child relationship to be established. The magistrate found that D.S. resides with M.J., receives food stamps and health insurance from the county and that M.J. had potential annual earnings of $13,750. The magistrate designated M.J. as the residential parent and legal custodian of D.S., pursuant to R.C. 3109.042.

{¶4} The magistrate found that D.S., Sr. was voluntarily unemployed or voluntarily underemployed and that if he was part-time employed, he would be earning at least $12,246 annually. The magistrate found that D.S., Sr. had five other children and, pursuant to a guideline sheet prepared under R.C. Chapter 3119, found D.S., Sr.'s monthly child support obligation to be $50 a month.

**{¶5}** On January 2, 2014, M.J. filed objections to the magistrate's decision arguing that the magistrate erred in finding D.S., Sr.'s support obligation to be $50. The trial court overruled M.J.'s objections and adopted the magistrate's decision on January 8, 2014. M.J. appeals asserting the following sole assignment of error:

> I.     The trial court erred in entering an order of child support in which it imputed income incorrectly and assessed deductions not supported in the record.

**{¶6}** A trial court has broad discretion to calculate child support. Absent an abuse of discretion, an appellate court will not disturb a child support order. *Wright v. Wright*, 8th Dist. Cuyahoga No. 91026, 2009-Ohio-128 ¶ 13, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. Similarly, the issue of whether income is imputed to a parent for purposes of calculating child support pursuant to R.C. 3119.01 is committed to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *In re T.S.*, 8th Dist. Cuyahoga No. 96657, 2011-Ohio-6756, ¶ 8, citing *Rock v. Cabral*, 67 Ohio St.3d 108, 112, 616 N.E.2d 218 (1993). An abuse of discretion implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1993).

**{¶7}** In general, the amount of child support calculated using the child support guidelines and child support computation worksheet is "rebuttably presumed to be the correct amount of child support, although the trial court may deviate from that amount." *Gentile v. Gentile*, 8th Dist. Cuyahoga No. 97971, 2013-Ohio-1338, ¶ 49, citing R.C. 3119.03 and *Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992), paragraph one of the syllabus. For a parent who is voluntarily unemployed or underemployed, a trial court calculates that parent's potential income pursuant to the factors enumerated in R.C. 3119.01(C)(11)(a).

**{¶8}** M.J. argues that the trial court erred in adopting the magistrate's factual findings regarding D.S., Sr.'s imputed income and his credits for the support of his five other children. In fact, M.J. describes the deductions the trial court attributed to D.S., Sr.'s other children as "unsupported." However the numbers disputed by M.J. are initial figures entered into the worksheet, not calculations derived from the worksheet. In objecting to the magistrate's decision, M.J. argued that her grounds for objections did not require reference to the transcript of the hearing because her arguments were based on alleged errors in the calculation of support. Similarly, D.S., Sr. has failed to provide this court with a transcript of the hearing. As the court stated in *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980):

> The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * *. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.

**{¶9}** In this instance, M.J. has not provided us with a transcript of the proceedings necessary to evaluate her argument that the magistrate made incorrect factual findings regarding D.S., Sr.'s income and obligations stemming from his other children. Finding no error in a calculation derived from the worksheet, we are constrained to presume regularity and summarily reject her assignment of error. *In re Z.B.*, 8th Dist. Cuyahoga No. 96304, 2011-Ohio-2936, ¶ 7.

**{¶10}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART J., CONCUR