[Cite as *In re A.S.*, 2014-Ohio-4936.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101339**

**IN RE: A.S.**
**A Minor Child**

[Appeal by K.P., Father]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU 13704089

**BEFORE:** E.A. Gallagher, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 6, 2014

**FOR APPELLANT**

K.P., pro se
3321 E. 79th Street
Cleveland, Ohio 44127

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Joseph C. Young
Assistant Prosecuting Attorney
P.O. Box 93894
Cleveland, Ohio 44101-5984

T.S., pro se
1552 E. 195th Street
Euclid, Ohio 44117

EILEEN A. GALLAGHER, J.:

{¶1} Appellant K.P. appeals a child support order entered in the Cuyahoga County Court of Common Pleas, Juvenile Division. K.P. argues that the trial court failed to examine the necessary evidence or make the necessary findings under R.C. 3119.05(B), 3119.022 and 3119.76(A). Finding no merit to the instant appeal, we affirm the trial court's decision.

{¶2} Mother T.S. gave birth to A.S. on April 27, 2002. On March 19, 2013, Cuyahoga County Job and Family Services filed a complaint seeking an order for K.P. to pay child support for A.S. The record reflects that the parent-child relationship between A.S. and K.P. was established in a prior case.

{¶3} A hearing on this matter was held before a magistrate who found that A.S. resides with T.S., that K.P. had five other biological or adopted children who did not reside in his home for whom he had paid $5,407 in court- ordered child support within the last 12 months and that K.P. had three biological children who lived with him. The magistrate found K.P.'s annual income to be $31,000, prepared a guideline worksheet to calculate K.P.'s child support pursuant to R.C. Chapter 3119 and found his support for A.S. to be $225.37 per month along with $56.18 per month in cash medical support when private health insurance is not being provided.

{¶4} On April 22, 2014, K.P. filed objections to the magistrate's decision on the basis "1. I do have my three minor kids residing in my home" and "2. I paid $8,749.56 in child support in the past year with no arrears." K.P. attached an earnings statement from his employer reflecting a year-to-date child support deduction of $8,749.56 as of December 2013. However, it is unclear from the record whether K.P. submitted this documentation at the hearing on the matter nor is there any evidence that K.P. supplied to the trial court a transcript of the

proceedings before the magistrate. The trial court overruled K.P.'s objections and adopted the magistrate's decision on April 25, 2014. K.P. appeals asserting the following sole assignment of error:

> The trial court erred to the prejudice of appellant because it did not examine the necessary evidence or make the necessary findings under Ohio Revised Code 3119.05(B), 3119.022(9), [sic] and 3119.76(A).

**{¶5}** K.P. argues that the trial court erred in crediting him with $5,407 in annual court-ordered child support instead of $8,749.56. However, as noted above, it does not appear from the record that K.P. provided the trial court with a transcript of the proceedings before the magistrate. Where a party objects to a magistrate's factual finding, the trial court must conduct an "independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." *In re H.R.K.*, 8th Dist. Cuyahoga No. 97780, 2012-Ohio-4054, ¶ 10; Juv.R. 40(D)(4)(d). The independent review requires the trial court to "conduct a de novo review of the facts and an independent analysis of the issues to reach its own conclusions about the issues in the case." *Radford v. Radford*, 8th Dist. Cuyahoga Nos. 96267 and 96445, 2011-Ohio-6263, ¶ 13.

**{¶6}** To aid in the court's independent review, if the objecting party has challenged a magistrate's finding of fact, the party must supply the trial court with "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." *In re H.R.K.* at ¶ 11; Juv.R. 40(D)(3)(b)(iii). Absent a transcript of proceedings, or appropriate affidavit as provided in the rule, a trial court is limited to an examination of the magistrate's conclusions of law and recommendations, accepting the magistrate's findings of fact, unless the trial court elects to hold further hearings. *In re C.L.*, 8th Dist. Cuyahoga No. 93720, 2010-Ohio-682, ¶ 8, citing *Wade v. Wade*, 113 Ohio App.3d 414,

418, 680 N.E.2d 1305 (11th Dist.1996); *In re D.S.R.*, 11th Dist. Lake Nos. 2011-L-119 and 2011-L-130, 2012-Ohio-5823, ¶ 17.

{¶7} Even if K.P. had properly complied with Juv.R. 40(D)(3)(b)(iii), he has failed to provide this court with a transcript of the hearing. As the court stated in *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980):

> The duty to provide a transcript for appellate review falls upon the appellant. This is necessary because an appellant bears the burden of showing error by reference to matters in the record. * * * when portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.

*Id.* at 199.

{¶8} In this instance, K.P. has not provided us with a transcript of the proceedings necessary to evaluate his argument that the magistrate made incorrect factual findings regarding his court-ordered child support obligations stemming from his other children. Finding no error in a calculation derived from the worksheet, we are constrained to presume regularity and summarily reject his assignment of error. *In re D.S.*, 8th Dist. Cuyahoga No. 101012, 2014-Ohio-3596, ¶ 9; *In re Z.B.*, 8th Dist. Cuyahoga No. 96304, 2011-Ohio-2936, ¶ 7.

{¶9} K.P.'s sole assignment of error is overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.



EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
PATRICIA A. BLACKMON, J., CONCUR