[Cite as *In re S.R.L.*, 2015-Ohio-5227.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102797**

# IN RE: S.R.L.
**Minor Child**

[Appeal By Mother]

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU-06-101161

**BEFORE:** Keough, J., Celebrezze, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 14, 2015

**ATTORNEY FOR APPELLANT**

John V. Heutsche
John V. Heutsche Co., L.P.A.
700 West St. Clair Avenue
Suite 220
Cleveland, Ohio 44113

**GUARDIAN AD LITEM**

Mark Witt
6209 Barton Road
North Olmsted, Ohio 44070

**APPELLEE**

T.L.
8 Bedford Road
Homer, New York 13077

KATHLEEN ANN KEOUGH, J.:

{¶1} Mother appeals from the trial court's judgment granting Father's motion to modify custody and naming him the residential parent and legal custodian of S.R.L., the parties' biological, special-needs daughter. We reverse and remand with instructions that Mother be named the residential parent and legal custodian of S.R.L., and that S.R.L. be immediately returned to Mother's custody.

## I. Background

{¶2} On August 26, 2010, the trial court adopted the magistrate's decision designating Mother as the residential parent and legal custodian of S.R.L., finding that such designation was in the best interest of the child. Father was granted supervised visits. In addition, the trial court found Mother to be in contempt of court for failing to abide by court-ordered visitation, and sentenced her to three days in jail, suspended. The order advised that Mother would be subject to another contempt finding and a potential jail sentence should she fail to cooperate with Father's scheduled visitation.

{¶3} In September 2010, Mother filed a motion to suspend Father's visitation, asserting that Father had threatened her, her fiancé, and her father as they stood outside the courtroom after the August hearing. The magistrate denied the motion.

{¶4} In December 2010, Mother filed a motion to remove the magistrate, asserting that the magistrate "will not listen to anything I have to say about my case." The trial court denied Mother's motion.

{¶5} Subsequently, in February 2011, the parties appeared before the magistrate for a scheduled hearing to review visitation. At the outset of the hearing, the magistrate announced that she was going to conduct a purge hearing regarding the August 2010 contempt finding. Counsel objected that neither he nor Mother had received notice that a purge hearing would take place, but the magistrate insisted the purge hearing would proceed. The magistrate then refused to take any sworn testimony from Mother regarding her understanding of the court's prior order and purge requirements, stating that Mother knew of her obligations with respect to Father's visitations with S.R.L. Upon learning that no visitations had taken place, the magistrate had the courtroom deputies arrest Mother and immediately transport her to jail.

{¶6} The next day, in light of the lack of notice, lack of opportunity to be heard, and a magistrate's lack of authority to incarcerate absent the trial court's concurrence, Mother filed objections to the magistrate's decision. She also filed an emergency motion to set aside the magistrate's decision. The trial court did not consider the objections and motion until after Mother had served her three-day jail time, when it overruled both. Mother and her counsel then filed an affidavit of disqualification of the trial judge with the Supreme Court of Ohio, which the Supreme Court subsequently denied.

{¶7} The magistrate conducted case review hearings in June and September 2011, and in November 2011, removed the requirement that Father's weekly visits be supervised. Subsequently, on May 21, 2012, the trial court adopted the magistrate's

decision that allocated shared parenting to Mother and Father and designated Mother the residential parent for school enrollment purposes.

**{¶8}** Only two days later, Father filed a motion to show cause, requesting a change of custody and jail time for Mother, because she had allegedly denied him court-ordered telephone contact with S.R.L. At the show-cause hearing on June 1, 2012, Mother requested a court-appointed attorney;[1] the magistrate appointed an attorney and continued the matter.

**{¶9}** Prior to the show cause hearing, Mother filed a motion to suspend Father's parenting time because he had been arrested on June 9, 2012, in S.R.L.'s presence, for breaking and entering, vandalism, and aggravated theft from his employer.[2] In addition, Mother asserted that Father had refused to provide her with information regarding his planned two-week vacation with S.R.L., and repeatedly sent harassing and threatening texts to her, in violation of the court's shared-parenting order. Mother also asserted that Father repeatedly threatened her "with using [the magistrate] to punish [her] because he believes that [the magistrate] will adhere to his wishes."

**{¶10}** On July 30, 2012, Father filed several motions to show cause alleging various violations of the shared-parenting order by Mother. Father again requested a

---

[1]Prior counsel had withdrawn in February 2012.

[2]The record does not reflect the disposition of these charges. At the hearing on his motion to modify custody, Father asserted that the charges had been dismissed.

change of custody and jail time for Mother. He filed another motion to show cause in September.

**{¶11}** In November 2012, after a hearing on Father's motions, the magistrate found Mother in contempt for failing to send adequate clothing for S.R.L.'s two-week trip in July 2012 with Father, sentenced her to three days in jail, "suspended as long as there are no further violations of court orders," and fined her $150. The magistrate denied Father's other motions for contempt. The trial court subsequently approved the magistrate's decision.

**{¶12}** In December 2012, Father filed a motion to show cause alleging that he had not received a court-ordered telephone call from S.R.L. on Christmas Day.

**{¶13}** In January 2013, after a hearing, the magistrate denied Mother's motion to modify or suspend visitation, finding "no evidence of a change in circumstances to support a modification of the prior agreement and order." The magistrate ordered Father's motion to show cause held in abeyance.

**{¶14}** On September 3, 2013, Father filed two motions to show cause, alleging that Mother was not giving him adequate information about S.R.L.'s doctors' appointments, and had failed to send adequate clothing and medication for S.R.L.'s two-week vacation with Father in August 2013. Mother subsequently filed her own motions to show cause and a motion to modify the parenting plan. Father then filed a motion to modify custody because he was moving to New York to live with his father after losing his job and being

evicted from his home. On September 30, 2013, the magistrate denied Mother's motion to show cause and the parties' motions to modify the parenting plan, finding "no change in circumstances with the child." The magistrate set Father's motions to show cause for hearing on November 19, 2013.

{¶15} At the hearing, the magistrate found that Mother had not sent adequate clothing and medication with S.R.L. for her two-week vacation with Father in August 2013, in violation of the shared-parenting order. The magistrate found that Mother had therefore failed to purge the finding of contempt made on November 19, 2012, and ordered the three-day jail sentence into immediate effect. The magistrate also found Mother in contempt for not providing adequate clothing and medication, and sentenced her to seven days in jail. Although a magistrate has no authority to order immediate incarceration absent the trial court's concurrence, the magistrate again ordered Mother taken into custody and the sentence to commence execution immediately. Father then made an oral motion for emergency custody of S.R.L., which the magistrate granted, allowing Father to take S.R.L. to New York. On the same day, Father also filed a motion for full custody of S.R.L., asserting "a change of circumstances" because Mother had been jailed several times and had allegedly continued to violate the shared-parenting order. The matter was set for pretrial in January 2014.

{¶16} On December 27, 2013, Mother filed a motion for relief from the judgment of temporary custody to Father, asserting that she had served her ten-day jail sentence and

hence there was no longer any basis for the award of temporary custody to Father. The trial court denied the motion without explanation.

**{¶17}** At the January 6, 2014 pretrial, the magistrate set Father's motion to modify custody for trial in March. Although S.R.L. had lived with Mother until November 19, 2013, when the magistrate ordered Mother immediately jailed, the magistrate ordered that Mother could only have supervised visitation with S.R.L. every other weekend in New York. At the subsequent trial, which finally took place on October 21, 2014, the evidence demonstrated that the GAL and Mother's counsel were unable to find court-approved sites in New York that could facilitate supervised visitation with Mother and S.R.L., and, thus, Mother did not see S.R.L. for eight months — from November 19, 2013, until July 2, 2014 — when she visited with S.R.L. immediately after the magistrate's in camera interview of S.R.L. That day, the magistrate finally granted Mother's motion for unsupervised visitation, which had been filed on March 10, 2014, four months earlier, and ordered that Mother could have unsupervised visits with S.R.L. for five hours every other Saturday, alternating between New York and Ohio.

**{¶18}** Prior to trial on Father's motion for custody, the magistrate denied Mother's motion to compel production of documents from Father and for letters rogatory to the New York courts to issue subpoenas for the out-of-state depositions of various individuals, including Father, "for no good cause shown." The magistrate granted

Mother's motion for a referral to the court's Diagnostic Clinic for psychological examinations of Mother, Father, and S.R.L.

**{¶19}** Immediately prior to the commencement of trial on October 22, 2014, Mother orally moved to dismiss Father's motion because Father had not filed a parenting affidavit as required by R.C. 3127.01 et seq. The magistrate denied the motion. Mother next moved to exclude any evidence on behalf of Father because Father had not filed a witness list, as ordered by the court. Although the magistrate's subsequent decision and findings of fact state that the motion was denied as moot because Father stated that he did not intend to call any witnesses, the transcript reflects that the magistrate ruled that Father was not required to file a witness list because he was a party to the proceedings.[3]

**{¶20}** Over Mother's objection, Father read his opening statement. Father then attempted to introduce the report prepared by Dr. Waltham from the court's Diagnostic Clinic; the magistrate told him he could not offer the report into evidence because he had not subpoenaed the doctor. Father then attempted to introduce reports from S.R.L.'s New York doctors; upon Mother's objections that the reports were hearsay, the magistrate informed Father that the documents would not be admitted. The magistrate then asked Father if there was "anything further?" — and Father responded "No, ma'am."

---

[3]The magistrate's January 10, 2014 pretrial order stated that "The parties shall file his/her Witness List and Evidence List a minimum of fourteen (14) days prior to the trial date. Failure to do so shall result in the parties' witnesses being excluded from testifying."

**{¶21}** Mother then moved for dismissal because Father had not presented any evidence before resting his case. The magistrate denied the motion.

**{¶22}** Mother then called Mark Witt, S.R.L.'s guardian ad litem, to testify. Witt testified that he had prepared two reports for the court, one in March 2014, and another in October 2014. Witt testified that during his investigation, he had reviewed the psychological evaluations prepared by the court's Diagnostic Clinic, conducted a home visit with Father, and reviewed S.R.L.'s school records and various medical reports.

**{¶23}** Witt testified that he had also reviewed Father's criminal record, and he confirmed that Father had been charged for a domestic violence incident against Mother that occurred in August 2013. Witt acknowledged that on August 21, 2013, the court granted Mother, her husband, and son a civil protection order as a result of this incident, and confirmed that there had been other incidents of domestic violence between Father and Mother. Witt testified further that, despite Father's assertion in his opening statement that he would not have a criminal record but for his interactions with Mother, he had reviewed Father's criminal history and determined that the majority of Father's convictions for domestic violence did not involve Mother.

**{¶24}** Witt also confirmed that Dr. Waltham's report found that Father placed less emphasis on caring for S.R.L.'s special needs than Mother did, and that Mother was a devoted, responsible, and loving parent who would adequately care for S.R.L.'s special needs. Similarly, Witt confirmed that Dr. Waltham's report concluded that Father has a

history of antisocial behavior and a problem dealing with authority figures, and that Father would likely not abide by visitation plans if he found them inconvenient or if he were angry. Witt testified that his investigation revealed that Father had had a "falling out" with his father after he moved to New York and was no longer living with him, and with his aunt, who as a result no longer wished to care for S.R.L. Witt also confirmed that Father was in arrears of over $10,000 in child support to Mother.

{¶25} Witt confirmed that his report did not make any recommendation regarding what allocation of custody would be in S.R.L.'s best interest, although he testified that he would not recommend shared parenting because Mother and Father are so antagonistic toward each other. He testified that his recommendation that S.R.L. remain in New York with Father if Father demonstrated a change in circumstances was based only on maintaining stability for S.R.L., although he believed that S.R.L. would have no trouble adapting to living again with Mother and all of her needs could be adequately met in Ohio. Witt testified that it would be best for S.R.L. if her parents were in close proximity to each other, and that it would be easier for Father to move back to Ohio than for Mother to move to New York.

{¶26} Mother testified that she has been married for four years, and that S.R.L. has a "very close" relationship with Mother's son from a previous relationship. On cross-examination by the GAL, Mother admitted that she and Father do not get along,

although she testified that she could put aside her negative feelings to make shared parenting work.

**{¶27}** On October 23, 2014, the day after trial, the magistrate issued her decision granting Father's motion to modify custody and naming him the residential parent. The decision made no finding that there had been a change in circumstances sufficient for modification of custody. Rather, the decision stated only that "the court heard evidence and testimony," (although it did not state what evidence it heard), cited the applicable statutory factors relevant to determining the best interest of a child when making a custody allocation, and found that the GAL's report and testimony supported a modification of custody.

**{¶28}** On October 28, 2014, Mother filed preliminary objections to the magistrate's decision, a request for transcript, and a motion to supplement her objections after the transcript was received. On November 7, 2014, and again on November 12, 2014, the trial court entered judgment entries approving and adopting the magistrate's decision. The trial court's judgments made no reference to Mother's pending objections.

**{¶29}** On November 17, 2014, Mother filed a motion for relief from judgment of the trial court's judgment adopting the magistrate's decision, pointing out that the trial court had approved the magistrate's decision even though Mother's objections were pending, and that Mother had requested an opportunity to supplement her original objections after the transcript was prepared. That same day, the trial court issued an

entry overruling Mother's preliminary objections and approving the magistrate's decision. The trial court's judgment indicated that it was based "upon review of the court file," although no transcript had yet been prepared. Two days later, the trial court granted Mother's request for a transcript.

{¶30} On November 20, 2014, the magistrate issued findings of fact and conclusions of law. Although Father presented no evidence at trial, the magistrate's decision stated that "Father provided evidence" that S.R.L. was doing well medically and in school. In addition, although the report was never introduced as evidence, the magistrate's findings of fact cited extensively from Dr. Waltham's report. The trial court subsequently approved and adopted the magistrate's findings of fact and conclusions of law.

{¶31} On November 25, 2014, Mother filed a motion for relief from judgment of the trial court's November 17, 2014 judgment approving and adopting the magistrate's decision, again pointing out that the trial court had approved the decision even though Mother's objections were pending, and that Mother had not yet had an opportunity to file objections buttressed with the transcript. On December 15, 2014, the trial court denied this motion and Mother's earlier motion for relief from judgment filed on November 17, 2014.

{¶32} On January 29, 2015, Mother filed her supplemental objections to the magistrate's decision. To support her objections, Mother filed transcripts of the

November 19, 2013 show cause hearing, the October 22, 2014 hearing on Father's motion to modify custody, and the October 23, 2014 hearing at which the magistrate announced her decision granting Father full custody of S.R.L.

**{¶33}** On February 15, 2015, Mother filed a motion for a ruling on her supplemental objections to the magistrate's decision. The trial court denied the motion, finding it to be "moot." This appeal followed.

## II. Analysis

### A. Standard of Review

**{¶34}** We begin by noting that a trial court has broad discretion in custody proceedings. *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1996), paragraph one of the syllabus. The court's discretion is not unlimited, however, and a decision will be overturned if the trial court abused that discretion. *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, 932 N.E.2d 345, ¶ 17-18 (2d Dist.), citing *Black's Law Dictionary* 11 (8 Ed.Rev.2004).

### B. Motion to Dismiss

**{¶35}** In her first assignment of error, Mother contends that the trial court abused its discretion in approving the magistrate's decision because the magistrate erroneously denied her motion to dismiss. We agree.

**{¶36}** At no time during the proceeding was Father administered an oath. He was not under oath when he read his opening statement. He did not testify during the proceeding, nor did he call any witnesses or offer any documentary evidence. After reading his opening statement, Father concluded his case. Mother then moved for dismissal because Father had not presented any evidence. The trial should have ended at that point.

**{¶37}** It is well settled that opening statements are not evidence. *Parrish v. Jones*, 138 Ohio St.3d 23, 31, 2013-Ohio-5224, 3 N.E.3d 155; *State v. Frazier*, 73 Ohio St.3d 323, 338, 652 N.E.2d 1000 (1995). They are merely previews of a party's claims and are designed to help the factfinder follow the evidence as it is presented later in the trial. *Parrish*, at *id.*

**{¶38}** Having offered no evidence whatsoever, much less any evidence of a change in circumstances, as required to prevail on a motion to modify custody, Father's motion should have been immediately dismissed. The magistrate erred in not doing so, and the trial court abused its discretion in approving and adopting the magistrate's decision that denied Mother's motion to dismiss.

**{¶39}** The transcript reflects that Mother made two motions to dismiss at the hearing: the first for Father's failure to file a parenting affidavit, and the second for Father's failure to present any evidence in support of his motion. Notably, the magistrate's decision references only Mother's first motion to dismiss; it does not mention that Mother moved to dismiss for Father's failure to present any evidence. Likewise, the magistrate's decision does not mention that Mother objected to Father's introduction of documents as hearsay because he called no witnesses to authenticate the documents, and that the magistrate denied admission of the exhibits. Nevertheless, the transcript of the hearing clearly reflects these rulings. It also clearly reflects that Father presented no evidence whatsoever to support his motion, that Mother moved to dismiss for Father's failure to present any evidence, and that the magistrate denied the motion.

**{¶40}** Just as troubling, the magistrate's decision with findings of fact and conclusions of law clearly reflects that the magistrate considered Father's opening statement to be evidence. The decision states that "Father provided evidence" regarding S.R.L.'s schooling arrangements, a school award for honesty received by S.R.L., and a reduction in the amount of medication she takes. A review of the transcript demonstrates that this alleged "evidence" came directly, and only, from Father's opening statement.

**{¶41}** Father's opening statement was not evidence. The hearing should have ended immediately upon the Father's failure to present any evidence whatsoever to support his motion to modify custody. Accordingly, the trial court abused its discretion

in approving and adopting the magistrate's decision.  The first assignment of error is sustained.

C.    No Evidence Establishing the Requisite "Change of Circumstances"

{¶42} In her second assignment of error, Mother contends that the trial court erred in approving and adopting the magistrate's decision because there was no evidence of a change in circumstances since the last parenting order.   We agree.

{¶43} The modification of parental rights and responsibilities is governed by R.C. 3109.04(E)(1)(a), which states:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.   In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
>
> * * *
>
> (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶44} In short, modification of parental rights can occur only if (1) there was a change in circumstances since the last decree; (2) a modification is deemed to be in the child's best interest; and (3) the harm likely to be caused by the change is outweighed by the advantages of the change in environment to the child.

**{¶45}** Magistrates do not have the authority to render final judgments; rather the trial court is responsible to review and verify the work of the magistrate. *Tulley v. Tulley*, 11th Dist. Portage No. 2000-P-0044, 2001 Ohio App. LEXIS 4611, *27 (Oct. 12, 2001). A magistrate's decision is not binding until the trial court adopts the decision. *Id.*

**{¶46}** Here, the magistrate journalized her decision granting Father's motion to modify custody on October 23, 2014. The decision noted that at the hearing, the magistrate denied Mother's motion to dismiss and motion in limine. The decision stated that the court then "explained legal rights, procedures, and possible effect on parental rights, whereupon, the court heard evidence and testimony," but the decision did not set forth any evidence or testimony that was adduced at the hearing. The decision noted that the court then considered "the following factors," and listed the R.C. 3109.04 factors that a court should consider when making the best interest determination. The decision then stated that the magistrate had reviewed the GAL's report, and that his testimony and recommendation supported a modification of custody as being in the child's best interest. The decision did not state what the GAL's recommendation or testimony were. The decision then stated that "upon due consideration," the magistrate found that it was in S.R.L.'s best interest that Father be designated as her legal custodian.

**{¶47}** Mother filed preliminary objections to the magistrate's decision on October 28, 2014, as well as a motion for a transcript and an opportunity to supplement her

objections when the transcript was prepared. On November 7, 2014, the trial court approved and adopted the magistrate's decision, noting that it did so "upon an independent review of the matter." Ten days later, the trial court overruled Mother's objections and again approved the magistrate's decision, noting that it did so "upon review of the court file."

{¶48} Significantly, however, the trial court approved the magistrate's decision, and subsequently overruled Mother's objections to the decision, before a transcript of the hearing had been prepared, and before the magistrate had issued any findings of fact and conclusions of law. Likewise, the trial court approved and adopted the magistrate's decision even though the decision cited no evidence whatsoever from the hearing, and no facts from the evidence presented by Mother and the GAL demonstrating that there had been a change in circumstances, that a change of custody was in S.R.L.'s best interest, and that the harm likely caused by the change was outweighed by the advantages of the change.

{¶49} When ruling upon objections to a magistrate's decision, a trial court is required to make an independent review of the case. *Bodell v. Brown*, 8th Dist. Cuyahoga No. 101632, 2015-Ohio-526, ¶ 13. The trial court's independent review "requires the trial court to 'conduct a de novo review of the facts and an independent analysis of the issues to reach its own conclusions about the issues in the case.'" *Id.* at ¶

14, citing *In re A.S.*, 8th Dist. Cuyahoga No. 101339, 2014-Ohio-4936, ¶ 5, quoting *Radford v. Radford*, 8th Dist. Cuyahoga Nos. 96267 and 96445, 2011-Ohio-6263, ¶ 13.

**{¶50}** Here, the magistrate's decision is devoid of any evidence demonstrating a change of circumstances. In fact, it is devoid of *anything* upon which the trial court could have made an independent review of the matter. Accordingly, the trial court abused its discretion in overruling Mother's objections and affirming and adopting the magistrate's decision.

**{¶51}** Further, although not argued by Mother, we note that the trial court likewise erred in adopting and approving the magistrate's findings of fact and conclusions of law. In the decision announcing the findings of fact and conclusions of law, the magistrate "found" that on November 19, 2013, Mother was sentenced to jail for ten days for failing to purge a contempt finding by the magistrate, and for another contempt finding that day, and that she had previously been jailed for three days. The decision failed to acknowledge, however, that on both instances, the magistrate, in violation of Mother's due process rights, ordered Mother taken into custody and transported to jail *immediately* upon the magistrate's oral order, without waiting for the trial court's journalized order adopting her decision.

**{¶52}** Moreover, the magistrate's decision with findings of fact and conclusions of law states that Father did not present any witnesses, yet it goes on to "find" that "Father presented evidence" that S.R.L. was doing well in school, is in mainstreamed classes in

the morning and special education classes in the afternoon, received a school award for honesty, and doing well medically. It is elementary that Father could not have presented evidence, either testimonial or documentary, unless he called sworn witnesses to testify.

{¶53} Furthermore, as discussed below in our analysis of Mother's third assignment of error, although Dr. Waltham's report was not admitted into evidence and Dr. Waltham was not called to testify, the magistrate's findings of fact set forth the specifics of Dr. Waltham's report in great detail and, in fact, states that it relied on the report in finding a change of circumstances. Thus, it is apparent that the magistrate considered matters outside the evidence in reaching her decision, in violation of Mother's due process rights.

{¶54} Finally, because Father presented no evidence, any evidence regarding a change in circumstances would have had to have come from Mother or the GAL at trial. Although the magistrate's conclusions of law find that there was a change in circumstances and that it was in S.R.L.'s best interest that Father be designated the residential parent and legal custodian, the findings of fact are devoid of any evidence *from Mother or the GAL* to support the magistrate's conclusion. The trial court therefore abused its discretion in adopting and approving the magistrate's decision with findings of fact and conclusions of law. The second assignment of error is sustained.

D.     Dr. Waltham's Report

**{¶55}** In her third assignment of error, Mother contends that the trial court erred in approving the magistrate's decision because the magistrate impermissibly considered matters outside the evidence in reaching her decision, in violation of her due process rights. We agree.

**{¶56}** Dr. Waltham issued a report that was not favorable to either Father or Mother, and concluded that the doctor could not recommend either Father or Mother to have custody of S.R.L. No one called Dr. Waltham to testify at trial, however. And although questions were posed to the GAL regarding portions of the report, no one offered Dr. Waltham's report into evidence. In fact, when Father tried to introduce the report, the magistrate properly told him that the report could not be admitted because he had not called Dr. Waltham to testify.

**{¶57}** Nevertheless, it is apparent that the magistrate reviewed Dr. Waltham's report and relied upon it in making her decision. The magistrate's decision with findings of fact and conclusions of law sets forth the findings of Dr. Waltham's report in great detail. The decision repeatedly states that "the report finds," "the doctor finds," "the report opines," and "the report states" and then sets forth the doctor's findings and conclusions about Mother and Father's fitness to parent S.R.L. Furthermore, the decision acknowledges that the magistrate relied on the report in reaching her decision. It states that "[b]ased upon the testimony and evidence presented at trial, including but not

limited to *the report from the court's Diagnostic Clinic * * * * * the court finds there has been a change in the circumstances of the child * * *." (Emphasis added.)

**{¶58}** Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Hearsay is inadmissible unless it falls within an exception provided by the rules of evidence. Evid.R. 802. Here, because Dr. Waltham did not testify about his report, the contents of the report were inadmissible hearsay that the magistrate should not have considered.

**{¶59}** Despite the magistrate's apparent belief otherwise, the mere fact that the court ordered the psychological examinations does not make the resultant reports ipso facto admissible. R.C. 3109.04(C) allows the court to order psychological examinations of the parents and child, and provides that the reports are to be made available to either the parent or parent's counsel prior to trial. Nevertheless, if one of the parties wishes to offer a report as evidence, R.C. 3109.04 does not exempt that party from satisfying the requirements of the rules of evidence. *See State v. Chapin*, 67 Ohio St.2d 437, 444, 424 N.E.2d 317 (1981).

**{¶60}** Dr. Waltham's report was not admitted into evidence, and he did not testify about his report. Accordingly, the report was inadmissible hearsay, and the magistrate improperly considered the report in rendering her decision. Because the magistrate considered matters outside of the evidence in rendering her decision, in violation of

Mother's due process rights, the trial court abused its discretion in approving and adopting the magistrate's decision. The third assignment of error is sustained.

E. Trial Court Judgment Denying Supplemental Objections as Moot

{¶61} In her fourth assignment of error, Mother asserts that the trial court erred in approving the magistrate's decision before allowing her leave to file supplemental objections and the transcript of the proceedings. She contends that the trial court compounded its error by then denying her motion for a ruling on her supplemental objections as moot.

{¶62} In light of our resolution of Mother's other assignments of error, we find this assignment of error moot, and therefore we need not consider it. *See* App.R. 12(A)(1)(c).

F. Conclusion

{¶63} Our review of the record demonstrates that the magistrate awarded full custody to Father even though there was no evidence to support her decision, and that she considered matters outside the evidence in reaching her decision. Accordingly, the trial court abused its discretion in affirming and approving the magistrate's decision. We reverse the trial court's judgment and remand with instructions that Mother be named the residential parent and legal custodian of S.R.L. and that S.R.L. be immediately returned to Mother's custody.

{¶64} Reversed; remanded with instructions.

It is, therefore, considered that said appellant recover of said appellee her costs herein.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., A.J., CONCURS;
MARY EILEEN KILBANE, J., CONCURS IN JUDGMENT ONLY